it will be presumed on review that all questions of law were. correctly decided.

4. APPEAL AND ERROR, § 594*—*when motion for new trial ineffective to preserve question for review.* A motion for a new trial in an action tried without a jury preserves no questions of law for review, for the reason that such motion is aimless and serves no purpose available in a higher court.

## E. H. Bayley, Defendant in Error, v. A. E. Coy, Plaintiff in Error.

## Gen. No. 21,092.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915. Rehearing denied December 20, 1915.

### Statement of the Case.

Action by E. H. Bayley, plaintiff, against A. E. Coy, defendant, in the Municipal Court of Chicago, to recover back money received by defendant with which to purchase stock and misappropriated by him. To reverse a judgment for plaintiff for $787.50, defendant prosecutes this writ of error.

Defendant, it was claimed, was the agent of plaintiff to purchase 35,750 shares of stock of the Mina Grand Mining Company, for which purpose plaintiff gave him $1,787.50, upon the representation of defendant that such stock could be bought for that sum and no less. Subsequently plaintiff ascertained that defendant bought 40,000 shares of said stock for $1,000 and applied to his own use, unbeknown to plaintiff, the remaining $787.50, together with 4,250 shares of the stock.

It appeared that for a long time defendant had been in the confidence of plaintiff in various deals in stock and that he was in the habit of confiding in defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant's representations in regard to them. The plaintiff lived in Minnesota, while defendant lived in Chicago. Defendant wrote plaintiff under date of March 22, 1906: "I am having the stock transferred as per your instructions and will send the same to you by registered mail this afternoon. *You must promise to never say to any one anything about the price paid nor from whom you did the business with.* You know I am supposed to do what I can to sell treasury stock for 20c per share, but I could not let the opportunity pass to let you in on this deal."

HARRIS F. WILLIAMS, for plaintiff in error; W. SCOTT HODGES and ELDON M. VOTAW, of counsel.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to show existence of relation.* In an action to recover back money paid to defendant as plaintiff's agent to purchase stock, evidence *held* sufficient to prove that defendant acted as plaintiff's agent in the transaction.

2. LIMITATION OF ACTIONS, § 20*—*when statute begins to run against action based on fraud.* In an action at law based on defendant's fraud, the statute of limitations will not begin to run until plaintiff discovers the fraud, or might, by the use of reasonable diligence, have discovered it.

3. FRAUDS, § 45*—*when laches not defense.* The rule applicable to an action in equity, that plaintiff's failure to use reasonable diligence to discover the fraud practiced on him is excused so as to prevent his cause of action from being barred by the statute of limitations or laches where defendant sustained a relation of trust and confidence, making it his duty to disclose the truth to plaintiff, is equally applicable to an action at law based on defendant's fraud.

4. FRAUD, § 112*—*when evidence sufficient to show.* Evidence that a defendant who had received money from plaintiff with which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to purchase stock failed to inform plaintiff of the real price paid for the stock, and wrote plaintiff a letter calculated to deter him from making inquiries on his own account, is sufficient to prove fraud on the part of defendant.

---

# Kathleen M. H. Besley, Defendant in Error, v. Edward Ridgely, Plaintiff in Error.

## Gen. No. 21,155.

1. LANDLORD AND TENANT, § 88*—*when tenancy from year to year by holding over created.* Where defendant remained in possession after the expiration of his lease for a year it cannot be contended that he so remained pending negotiations for a new lease, it appearing that prior to the expiration of the lease plaintiff sent defendant a new lease and also made repairs at the request of defendant, for the reason that in such case there was no room for negotiation, plaintiff having made known the conditions under which she was willing to continue the tenancy by sending the lease and making the repairs.

2. LANDLORD AND TENANT, § 88*—*when tenancy from year to year implied.* Where a tenant under a lease receives a copy of a new lease for a further term in ample season to enable lessee to accept or reject such lease prior to the expiration of the term of the existing lease, which lessee fails to do but remains in possession after such expiration, paying rent at the same rate as before, the law implies an agreement to continue as tenant for another year at the same rental, in which case it is immaterial that before vacating the tenant sent a thirty-day notice of intention to leave, it appearing that he vacated before the end of the extended term of the lease.

3. LANDLORD AND TENANT, § 88*—*when landlord deemed to have elected to treat contract as from year to year.* In an action to recover for rent due under a lease where it appeared that defendant by his conduct had impliedly agreed to continue as tenant for another year after the expiration of his lease, the election of plaintiff so to treat the contract may be fairly inferred from the fact that plaintiff sent defendant a new lease for another year on the terms of the old lease, and accepted rent at monthly intervals at the old rate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.